

# The Attorney General of Texas

September 22, 1980

**MARK WHITE**
**Attorney General**

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James B. Adams
Director
Department of Public Safety
5805 N. Lamar Boulevard
Austin, Texas 78773

Opinion No. MW-243

Re: Political activities of Department of Public Safety officers

Dear Mr. Adams:

You ask whether commissioned officers of the Texas Department of Public Safety are eligible for appointment as a judge, clerk, or watcher of an election under article 3.04 of the Election Code. Article 3.04 provides, in pertinent part:

> Except as otherwise provided herein, no one who holds an office of profit or trust under... this state... shall act as judge, clerk, or watcher of any election, general, special, or primary. . . .

Courts have held that policemen are public officers. Sawyer v. City of San Antonio, 234 S.W. 2d 398 (Tex. 1950). Along with deputy sheriffs and constables, they hold offices of trust or profit. Attorney General Opinion H-1027 (1977). Article 2.12 of the Code of Criminal Procedure provides that rangers and officers commissioned by the Department of Public Safety are peace officers. Accordingly, we think it is clear that commissioned officers of the Department of Public Safety hold an "office of trust or profit" within the meaning of article 3.04 of the Election Code. They are therefore ineligible to serve as a judge, clerk, or watcher of a general, special, or primary election.

You also ask whether employees and officers of the department may place bumper stickers endorsing political candidates on their personal automobiles, place campaign signs in their yards, or wear badges endorsing political candidates while on or off duty.

Article 4413(9), section (2), V.T.C.S., provides that:

> No person in the Department shall... engage in political activities or campaign for or against any candidate for any public office in this State. Any person violating any provision of this subsection shall forfeit his position with the Department.

Attorney General Opinion MW-149 (1979) held that section (2) is constitutional, provided that it is construed "so as not to infringe upon areas of protected conduct." See also Attorney General Opinion M-1099 (1972) (construing similar provision applicable to Department of Public Welfare). The purpose of prohibitions like those found in article 4413(9) is to promote the efficiency and integrity of public service. United States Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548, 555 (1973); United Public Workers v. Mitchell, 330 U.S. 75 (1947); Gray v. Toledo, 323 F. Supp. 1281 (N.D. Ohio 1971). Attorney General Opinion MW-149 noted that article 4413(9) does not necessarily prohibit membership in a political organization or a group which supports such an organization, but held that employees may not legally work in a political candidate's campaign by giving speeches, making contributions and telephone calls, or engaging in similar activities.

The display of yard signs and bumper stickers and the wearing of badges endorsing political candidates may be political activities within the meaning of section (2), article 4413(9), but they may also be expressions of personal opinion protected by the First Amendment. The Supreme Court has not considered whether a state may constitutionally prohibit its employees from wearing political buttons or displaying bumper stickers. In Broadrick v. Oklahoma, 413 U.S. 601 (1973), the court suggested that a rule banning political buttons or bumper stickers might be impermissible, but did not reach this issue. 413 U.S. at 617, 622. The employee in question had engaged in fund raising, which the state could constitutionally prohibit. See also Connealy v. Walsh, 412 F. Supp. 146 (W.D. Mo. 1976).

The Hatch Act reserves to federal employees the right to vote and to express opinions on political subjects and candidates. 5 U.S.C. §7324(b). Federal regulations interpret this provision as permitting employees to display a political picture, sticker, badge or button. 5 CFR §733.111.

In our opinion, section (2) of article 4413(9) should not be construed as prohibiting an employee from wearing a political button while off duty, placing a campaign sign in his yard, or displaying a bumper sticker in his private automobile which is not used on state business. Broadrick raises a question as to whether these activities constitute protected conduct. Such private and passive expressions of political opinion would seem, moreover, to have only a minimal effect, if any, on the efficiency and integrity of the public service. Finally, a prohibition against bumper stickers and yard signs in many cases would reach political expressions by a state employee's spouse who owns a community property interest in the house or car. We will avoid construing article 4413(9) to prohibit conduct which appears to be protected by the First Amendment. Accordingly, employees of your agency may legally display partisan political emblems while off duty.

The wearing of a political button while on duty, and the display of a bumper sticker on an automobile used on state business, raise different questions. Courts have found valid state interests in forbidding this kind of conduct on the job. In Smith v. United States, 502 F. 2d 512 (5th Cir. 1974), a psychologist challenged his dismissal from the staff of a Veterans Administration hospital for wearing a peace button while treating veterans. The court upheld the firing because display of the button, although

symbolic speech protected by the First Amendment, resulted in substantial interference with the employee's duties.   In another case, a social worker who counseled juvenile probationers at their homes and schools was dismissed for displaying a partisan bumper sticker on the personal car she drove to these interviews.  Connealy v. Walsh, 412 F. Supp. 146 (W.D. Mo. 1976).  The court held that this expression of opinion could be forbidden because it would interfere with her job effectiveness.

We believe that section (2) of article 4413(9) should be construed to prohibit the display of political buttons while on duty and of bumper stickers on cars used in connection with work when such activities will interfere with the effectiveness of your employees.

Your last question is whether officers and employees of the department may serve as officers of local, state or national conventions.   Article 13.34(h) of the Election Code provides that:

> No person shall be ineligible to serve as a delegate to any county, senatorial distirct, state or national convention of any political party by reason of his holding any public office.

You advise that the department has interpreted article 13.34(h) as applying to employees as well as to officers.  We believe this is a reasonable construction.  We can think of no reason why the legislature would have intended to permit public officers to participate in conventions as delegates but not allow employees to do so, and we do not think article 13.34(h) should be construed in that manner.

A literal construction of article 13.34(h) would also produce the rather odd result that individuals could serve as delegates to conventions but not be eligible for any of the offices which convention delegates hold.  Convention officers are chosen from the body of delegates, and we do not think the legislature intended to permit individuals to serve as delegates but then limit them strictly to that role.  Accordingly, we conclude that although article 13.34(h) refers to "delegates," that provision creates an exception to the general prohibition against participation in political activity set forth in article 4413(9), V.T.C.S., which should be liberally construed to permit individuals to perform any functions and be eligible for any positions which convention delegates typically hold.  Thus, the answer to your question is that officers and employees of the department may serve as officers of local, state and national conventions.

## SUMMARY

Commissioned officers of the Department of Public Safety are ineligible to serve as a judge, clerk, or watcher of a general, special, or primary election under article 3.04 of the Election Code.  Section (2) of article 4413(9), V.T.C.S., does not prohibit officers and employees of the department from placing bumper stickers endorsing candidates for political office on their personal automobiles, placing campaign signs in their yards, or

wearing badges endorsing political candidates while off duty, but does prohibit them from displaying partisan bumper stickers or political buttons while on duty when such conduct would interfere with their effectiveness as public employees. Officers and employees of the department may serve as officers of political party conventions.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Jon Bible & Susan Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Jon Bible
Susan Garrison
Rick Gilpin